**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHANIEL RIMPSON, III, <br><br> Petitioner, <br><br> v. <br><br> WARDEN MERENDINO, <br><br> Respondent. | Civil Action No. 23-2529 (KMW) <br><br> **OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Nathaniel Rimpson III purportedly brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Also before the Court is Petitioner's motion seeking appointed counsel (ECF No. 2). This Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), and Rule 4 of the Rules Governing Section 2255 Proceedings to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed for lack of jurisdiction and his motion seeking appointed counsel denied as a result.

## I. BACKGROUND

Petitioner is a convicted federal prisoner currently confined in FCI Fairton serving a prison sentence on charges of which he was convicted in the Northern District of Indiana. (ECF No. 1 at 2.) Petitioner was sentenced on those charges on May 2000. (*Id.* at 1.) Petitioner thereafter challenged his convictions, including his violations of 18 U.S.C. § 924(c) at issue here, both through a direct appeal, and a motion to vacate sentence pursuant to 28 U.S.C. § 2255. (*Id.* at 2-4.) Neither attempt resulted in Petitioner receiving relief. (*Id.*) Petitioner also sought to file a second or successive § 2255 motion based on supreme court rulings finding the residual clause of § 2255 unconstitutionally vague. (*Id.* at 5.) That request was denied by the Seventh Circuit. (*Id.*) Petitioner now seeks to use § 2241 to challenge his convictions following the Supreme Court's decision in *United States v. Taylor*, 596 U.S. ---, 142 S. Ct. 2015 (2022) (holding that attempted Hobbs Act robbery is insufficient to support a § 924(c) conviction). Petitioner's challenge, however, is not directly related to *Taylor*, and instead bases itself largely on the same cases raised on his prior attempt to file a second or successive § 2255 motion.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the

2

petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III. DISCUSSION

In his current petition, Petitioner seeks to challenge his conviction through a habeas petition filed pursuant to 28 U.S.C. § 2241. Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court." *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). While various Courts of Appeals had previously permitted prisoners to challenge their convictions under § 2241 in very limited circumstances, the United States Supreme Court recently overruled these decisions, holding that a prisoner may not resort to challenging his conviction through a § 2241 petition unless "unusual circumstances make it [essentially] impossible . . . to seek relief in the sentencing court" such as where the sentencing court no longer exists. *See Jones v. Hendrix*, 599 U.S. 465, 475-79 (2023). As a result, so long as it is not essentially impossible to pursue a § 2255 motion at all, federal law requires a Petitioner to challenge his conviction only through a motion brought pursuant to 28 U.S.C. § 2255, regardless of whether the petitioner can meet that statute's gatekeeping restrictions. *Id.* at 477-79. That a petitioner may be procedurally barred – such as through § 2255's time bar or the restriction on successive motions to vacate serves as no basis for resorting to § 2241. *Id.*; *see also Voneida v. Jones*, 88 F.4th 233, 237-38 (3d Cir. 2023).

Because it is not essentially impossible for Petitioner to file a § 2255 motion insomuch as his sentencing court still exists and the only bar to such a filing are the procedural hurdles associated with § 2255 – the statute's time bar and the bar on second or successive § 2255 motions

3

– Petitioner may not resort to using § 2241 to challenge his convictions and sentence. *Jones*, 599 U.S. at 477-79; *Voneida*, 88 F.4th at 237-38. This Court thus has no jurisdiction over this matter as the only Court having jurisdiction over Petitioner's claims would be his sentencing court in Indiana. *Id.* Because Petitioner is subject to the bar on successive petitions as he twice previously sought to challenge his convictions under § 2255, the only way he could proceed with his claims would be by filing a request for permission to proceed with a second or successive § 2255 motion before the Seventh Circuit. Because the Seventh Circuit has previously rejected a similar claim as that presented here in a request to proceed with a second or successive habeas petition (*see* ECF No. 1 at 4-5), this Court finds that a transfer to the Seventh Circuit would not be warranted at this time. *See, e.g., United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015). Petitioner's habeas petition shall therefore be dismissed without prejudice for lack of jurisdiction. To the extent he wishes to pursue his claims, Petitioner must file a request for permission to file a second or successive motion to vacate sentence with the Seventh Circuit. Because this matter will be dismissed without prejudice for lack of jurisdiction, Petitioner's request for appointed counsel (ECF No. 2) is denied without prejudice as moot.

### IV. <u>CONCLUSION</u>

In conclusion, Petitioner's habeas petition (ECF No. 1) is dismissed for lack of jurisdiction, and his motion seeking appointed counsel (ECF No. 2) is denied as moot. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge